IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| YOLANDA MCDOW, | ) | |
| ID # 37471-177, | ) | |
|     Movant, | ) | No. 3:16-CV-1618-B-BH |
| vs. | ) | No. 3:08-CR-167-B-BH (7) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Before the Court is the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on June 16, 2016. (*See* doc. 2.) Based on the relevant findings and applicable law, the successive motion should be transferred to the United States Court of Appeals for the Fifth Circuit.

**I. BACKGROUND**

Yolanda McDow (Movant) pled guilty to conspiring to commit bank robbery and using and carrying a firearm in furtherance of a crime of violence in violation of 18 U.S.C. §§ 371, 924(c)(1)(A)(i). (*See* docs. 214, 215).[1] On December 17, 2009, she was sentenced to a total term of 190 months of imprisonment, followed by a three-year term of supervised release. (*See* doc. 293). Movant appealed her conviction, and the Fifth Circuit dismissed her appeal. *United States v. McDow*, No. 09-11233 (5th Cir. Oct. 26, 2010). Movant filed a motion to vacate under 28 U.S.C. § 2255 on May 7, 2014, which was denied as time-barred on July 7, 2014. (*See* 3:14-CV-1688-B, doc. 9.)

---

[1] Unless otherwise indicated, all document numbers refer to the underlying criminal action.

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

Movant previously filed a § 2255 motion. A subsequent § 2255 motion to vacate is considered second or successive when it: "1) raises a claim challenging the [defendant's] conviction or sentence that was or could have been raised in an earlier [motion to vacate]; or 2) otherwise constitutes an abuse of the writ." *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). Under *Orozco-Ramirez,* Movant was required to present all available claims related to her conviction or sentence in her first motion to vacate. This "requirement serves the singularly salutary purpose of forcing federal habeas petitioners to think through all potential post-conviction claims and to consolidate them for a unitary presentation to the district court." 211 F.3d at 870-71 (quoting *Pratt v. United States*, 129 F.3d 54, 61 (1st Cir. 1997)).

Movant's current § 2255 motion challenges the same conviction as in her prior motion to vacate. Because he now raises claims that he could have raised in his first motion, this action is successive within the meaning of § 2255. *See United States v. Johnson*, 303 F. App'x 241 (5th Cir. Dec. 18, 2008) (affirming a district court's dismissal as a successive writ a motion seeking a

2

reduction of sentence under 18 U.S.C. § 3742 where the movant had already filed a § 2255 motion); *see also In re Williams*, 806 F.3d 322 (5th Cir. 2015) (Fifth Circuit analyzed under 28 U.S.C. § 2255(h)(2) and 28 U.S.C. § 2244(b)(2) a motion for authorization to file a successive § 2255 motion raising a claim under *Johnson v. United States*, 135 S.Ct. 2551 (2015)).

When a motion to vacate is second or successive, the movant must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider it. *See* 28 U.S.C. § 2244(b)(3)(A) (made applicable to motions to vacate by § 2255). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* § 2244(b)(2).

Because the Fifth Circuit has not issued an order authorizing the district court to consider a successive § 2255 motion, this Court lacks jurisdiction to consider his new § 2255 motion.

### III. RECOMMENDATION

The motion to vacate filed under 28 U.S.C. § 2255 should be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002) and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

**SO RECOMMENDED** this 27th day of June, 2017.

                                          IRMA CARRILLO RAMIREZ
                                          UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                          IRMA CARRILLO RAMIREZ
                                          UNITED STATES MAGISTRATE JUDGE