IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| YOLANDA MCDOW, | ) | |
| ID # 37471-177, | ) | |
|     Movant, | ) | No. 3:16-CV-1618-B-BH |
| vs. | ) | No. 3:08-CR-167-B-BH (7) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on June 16, 2016 (doc. 2), should be **DENIED** with prejudice as barred by the statute of limitations.

**I. BACKGROUND**

Yolanda McDow (Movant) pled guilty to conspiring to commit bank robbery and using and carrying a firearm in furtherance of a crime of violence in violation of 18 U.S.C. §§ 371, 924(c)(1)(A)(i). (*See* docs. 214, 215).[1] On December 17, 2009, she was sentenced to a total term of 190 months of imprisonment. (*See* doc. 293.) Movant appealed her conviction, and on October 26, 2010, the Fifth Circuit dismissed her appeal. *United States v. McDow*, No. 09-11233 (5th Cir. Oct. 26, 2010).

Movant filed a *Writ of Mandamus* on May 7, 2014, which stated that she was "attempting to litigate a post conviction habeas action" and asserted that her plea agreement had been breached and that her plea was involuntary. (*See* 3:14-CV-1688-B, doc. 3.) The filing was construed as a §

---

[1] Unless otherwise indicated, all document numbers refer to the underlying criminal action.

2255 motion and denied as time-barred on July 7, 2014. (*See* 3:14-CV-1688-B, docs. 4, 8, 9.) The recommendation for dismissal noted that under *Castro v. United States*, 540 U.S. 375, 383 (2003), notice that the characterization of the filing meant that any subsequent § 2255 motion would be subject to the restrictions on 'second or successive' motions, and an opportunity to withdraw or amend the motion to include all § 2255 claims was required. (doc. 6 at 2 n.2.) Because any future § 2255 motion would clearly be barred by the statute of limitations, however, it construed the filing as a § 2255 motion without the formal *Castro* notice. (*Id.*)

On May 17, 2016, Movant filed a motion in the United States Court of Appeals for the Fifth Circuit for authorization to file a successive § 2255 motion to raise a claim under *Johnson v. United States*, 135 S.Ct. 2551 (2015). *See In re McDow*, No. 16-10618 (5th Cir. May 17, 2016). On August 23, 2016, the Fifth Circuit denied the motion for authorization because *Johnson* held that the residual clause of 18 U.S.C. § 924(e) was unconstitutional, but Movant was convicted under § 924(c) and *Johnson* did not announce a new rule of law relevant to her claim.

Movant subsequently filed a § 2255 motion raising the *Johnson* claim that was received on June 16, 2016, and it was deemed successive and transferred to the United States Court of Appeals for the Fifth Circuit on August 9, 2017. (*See* 3:16-CV-1618-B, docs. 2, 12; *see also In re McDow*, No. 17-10894 (5th Cir.)). Movant filed an undated motion for authorization to file a successive § 2255 motion that was received by the Fifth Circuit on October 6, 2017. *See McDow*, No. 17-10894. It raised additional claims that she is entitled to consideration as a minor participant under Amendment 794 of the United States Sentencing Guidelines (USSG), and that the mandatory consecutive sentence for the § 924(c) should have been considered in determining the sentence for the other offenses in light of *Dean v. United States*, 137 S.Ct. 1170 (2017). The Fifth Circuit held

that the § 2255 motion was not successive because Movant had not been given a *Castro* warning when the filing was re-characterized as a § 2255 motion, and the motion for authorization was transferred to this Court for consideration of her claims under *Johnson, Dean* and Amendment 794. (*See id.*, doc. 14; *In re McDow*, No. 17-10894 (5th Cir. Nov. 21, 2017)).

## II. STATUTE OF LIMITATIONS

Section 2255 of Title 28 "establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 356 (2005). It states that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### A. **Calculation of One-Year Period**

With regard to § 2255(f)(1), the judgment became final on January 24, 2011, when the ninety-day period for filing a petition for writ of certiorari expired. *See Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998) (citing *Caspari v. Bohlen*, 510 U.S. 383, 389 (1994)). She does not allege that government action prevented her from filing a § 2255 petition earlier under § 2255(f)(2).

3

The facts supporting her claims arose when she was sentenced, so § 2255(f)(4) does not apply.

Section 2255(f)(3), which provides that the one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," does not apply. Movant cites *Johnson*, in which the Supreme Court held that the imposition of an increased sentenced under the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), (2)(B)(ii) (regarding a prior conviction that "otherwise involves conduct that presents a serious potential risk of physical injury to another"), violates the Constitution's guarantee of due process. *Johnson*, 135 S. Ct. at 2563. The holding of *Johnson* is retroactively available on collateral review. *Welch v. United States*, 136 S.Ct. 1257, 1268 (2016).

Movant was not sentenced under § 924(e) of the ACCA. She was convicted and sentenced for using and carrying a firearm during and in relation to, and possession of a firearm in furtherance of, a crime of violence under § 924(c). A "crime of violence" in § 924(c) is defined in part as an offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." § 924(c)(3)(B). In contrast, the residual clause of § 924(e)(2)(B)(ii) defines "crime of violence" as an offense that "involves conduct that presents a serious potential risk of physical injury to another."

*Johnson* did not address the residual clause of § 924(c)(3)(B), and it did not recognize a new right regarding that residual clause. *See In re Fields*, 826 F.3d 785, 786-87 (5th Cir. 2016) (Supreme Court did not address or decide in *Johnson* whether the differently worded residual clause of § 924(c)(3)(B) was unconstitutionally vague); *see also United States v. Stephens*, ___ F. App'x ___, 2017 WL 1826099 (5th Cir. May 3, 2017) (residual clause of § 924(c)(3)(B) is not unconstitutionally

4

vague under *Johnson*); *United States v. Gonzalez-Longoria*, 831 F.3d 670, 672 (5th Cir. 2016) (residual clause of 18 U.S.C. § 16(b) that defines "crime of violence" as an offense that "involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" was not unconstitutionally vague under *Johnson*). Because *Johnson* did not recognize that the residual clause of § 924(c)(3)(B) or a similarly worded residual clause is unconstitutionally vague, § 2255(f)(3) does not apply.

Movant also cites *Dean* in support of her claim that the mandatory consecutive sentence was not taken into account for the non-§ 924(c) sentences. Because *Dean* did not announce a newly recognized right made retroactively applicable to cases on collateral review, § 2255(f)(3) does not apply to this claim. *See In re Dockery*, 869 F.3d 356 (5th Cir. 2017) (movant for authorization to file a successive § 2255 motion did not show that *Dean* announced a new rule of constitutional law that was made retroactive to cases on collateral review by the Supreme Court).

Finally, Movant asserts that Amendment 794 is retroactive, but her claim is not based on a right newly recognized by the Supreme Court.[2] Therefore, § 2255(f)(3) does not apply.

Because the latest of the dates under § 2255(f) is the date that Movant's conviction became final, she had until January 24, 2012, to file her § 2255 motion. Her § 2255 motion was signed on June 13, 2016, and she added claims in her October 6, 2017 filing. The § 2255 motion, with the new claims, is therefore untimely in the absence of equitable tolling.

---

[2] For this reason, Movant's claim under Amendment 794 should not be construed as a motion to reduce her sentence pursuant to 18 U.S.C. § 3582(c)(2). An amendment to the sentencing guidelines can be the basis of a § 3582(c)(2) motion only if it is a retroactive amendment listed in U.S.S.G. § 1B1.10. *United States v. Galvez*, 321 F. App'x 405 (5th Cir. 2009) (citing *United States v. Drath*, 89 F.3d 216, 217-18 (5th Cir. 1996)). Because Amendment 794 is not listed in § 1B1.10, it cannot be applied retroactively pursuant to a § 3582(c)(2) motion. *See United States v. Guerrero*, 691 F. App'x 179 (5th Cir. 2017) (Amendment 794 is not a basis for a § 3582(c)(2) reduction of sentence, because it is not listed in § 1B1.10.

**B.** **Equitable Tolling**

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). In the context of a habeas petition filed by a state prisoner, the Supreme Court has stated that a habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010), *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). Furthermore, Movant bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Movant has not demonstrated that she diligently pursued her rights or that extraordinary circumstances prevented her from filing her motion earlier so as to warrant equitable tolling. Nor does she assert any other basis for equitable tolling. Her § 2255 motion is untimely.

## III.  RECOMMENDATION

The *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, and the claims raised in the October 6, 2017 motion for authorization, should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED** this 7th day of December, 2017.

```
                                    _____
                                    IRMA CARRILLO RAMIREZ
                                    UNITED STATES MAGISTRATE JUDGE
```

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

```
                                    _____
                                    IRMA CARRILLO RAMIREZ
                                    UNITED STATES MAGISTRATE JUDGE
```